PER CURIAM.
Trametrich D. Johnson petitions the court for habeas corpus relief, arguing that he is imprisoned pursuant to a sentence imposed in a case in which he was incompetent to stand trial, and that the trial court erred in failing to order a competency hearing. We rejected a similar claim made by his appellate counsel on direct appeal. Johnson then sought postconviction relief, arguing among other things that his trial counsel was ineffective for failing to have a competency evaluation performed. The postconviction court denied relief and we affirmed that determination. Most recently, Johnson filed another habeas petition asserting (as he does in the petition now before the court) that he was incompetent to stand trial and faulting the trial court for not ordering a competency evaluation. We denied that petition.
Habeas corpus is not available as substitute for an appropriate motion for postconviction relief or to litigate or reliti-gate issues which were or should have been raised on direct appeal. See Baker v. State 878 So.2d 1236 (Fla.2004), and cases cited therein. The claims petitioner now makes have been considered and rejected by this court on direct appeal and in prior postconviction proceedings. We therefore dismiss the petition for writ of habeas corpus, as it is unauthorized pursuant to Baker and constitutes an abuse of process.
We caution Mr. Johnson that the filing of any further motions or petitions relating to his competency to stand trial in Alachua County Circuit Court case number 2007-CF-5401 may result in the imposition of sanctions, including but not limited to a prohibition on further pro se appearance before this court.
DISMISSED.
WOLF, BENTON, and RAY, JJ., concur.